**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-cv-60924-ALTONAGA/Strauss**

**FEDERAL TRADE COMMISSION**,

    Plaintiff,

v.

**R360 LLC** and **STEVEN DOUMAR**,

    Defendants.
_____/

## STIPULATED ORDER FOR PERMANENT INJUNCTION AND CIVIL PENALTY JUDGMENT

**THIS CAUSE** came before the Court upon Plaintiff, Federal Trade Commission's Notice of Filing of Proposed Stipulated Order for Permanent Injunction and Civil Penalty Judgment [ECF No. 5]. The Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Civil Penalties, Permanent Injunction, and Other Equitable Relief [ECF No. 1], pursuant to Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 56(a), and 57b, and Section 8023 of the Opioid Addiction Recovery Fraud Prevention Act of 2018 ("OARFPA"), 15 U.S.C. section 45d. (*See id*.). Defendants, Steven Doumar [ECF No. 6] and R360 LLC [ECF No. 7] have waived service of the summons and the Complaint. The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction and Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

Being fully advised, it is **ORDERED AND ADJUDGED** as follows:

1.    This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and Section 8023 of OARFPA, 15 U.S.C. § 45d, in connection with the advertising of Substance Use Disorder Treatment Services.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For this Order, the following definitions apply:

A. "**Covered Product or Service**" means any Substance Use Disorder Treatment Product or Substance Use Disorder Treatment Service.

B. "**Defendants**" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in combination.

   1. "**Corporate Defendant**" means R360 LLC, and its successors and assigns.

   2. "**Individual Defendant**" means Steven Doumar.

    C.    "**Substance Use Disorder Treatment Product**" means a product for use or marketed for use in the treatment, cure, or prevention of a substance use disorder, including an opioid use disorder.

    D.    "**Substance Use Disorder Treatment Service**" means a service that purports to provide referrals to treatment, treatment, or recovery housing for people diagnosed with, having, or purporting to have a substance use disorder, including an opioid use disorder.

## ORDER

### I.    PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting any Covered Product or Service are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

    A.    That consumers will receive a personalized assessment of their individual needs for such product or service;

    B.    That consumers will obtain a referral for or be directed to a particular product or service based upon their individualized needs;

    C.    That such product or service has been endorsed, selected, or evaluated by any particular person;

    D.    That an expert evaluated such product or service, based upon an actual exercise of the represented expertise;

E.      The nature of any criteria used to evaluate such product or service, including that any criteria are meaningful, rigorous, or objective; and

F.      Any other fact material to consumers concerning such product or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## II.    MONETARY JUDGMENT FOR CIVIL PENALTY

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of $3,800,000 is entered in favor of the Commission against Individual Defendant and Corporate Defendant, jointly and severally, as a civil penalty.

B.      The Judgment is suspended subject to the Subsections below.

C.      The Commission's agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

    1.    The Financial Statement of Individual Defendant Steven Doumar signed on June 10, 2020, including the attachments;

    2.    The Financial Statement of Corporate Defendant R360 LLC signed by Steven Doumar, President, on June 10, 2020, including the attachments;

    3.    The additional documentation and information submitted by email from Defendants' counsel to Commission counsel on: April 21, 2020 (email from Jacqlyn Rovine to Christine DeLorme and Karen Mandel attaching personal and corporate bank account statements, and corporate balance

sheets and profit and loss statements); May 6, 2020 (email from Jacqlyn Rovine to Christine DeLorme and Karen Mandel attaching promissory notes and individual and corporate tax returns); May 28, 2020 (two emails from Jacqlyn Rovine to Christine DeLorme and Karen Mandel: the first attaching individual and corporate financial statements, personal bank account statements, and financial statements for other corporate entities; and the second attaching promissory notes and documents relating to a civil court proceeding); June 10, 2020 (two emails from Jacqlyn Rovine to Christine DeLorme and Karen Mandel: the first attaching a contractor agreement, individual and corporate financial statements, a billing statement, promissory notes and related information, and personal bank account statements; and the second attaching individual and corporate financial statements); June 11, 2020 (email from Jacqlyn Rovine to Christine DeLorme and Karen Mandel attaching personal bank account statements); and September 2, 2020 (email from Randal M. Shaheen to Christine DeLorme and Karen Mandel).

D. The suspension of the Judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E. If the suspension of the Judgment is lifted, the Judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the amount of the

civil penalty for the violations alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

### III. ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

C. Defendants agree that the Judgment represents a civil penalty owed to the government of the United States and is not compensation for actual pecuniary loss and, therefore, as to the Individual Defendant, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

D. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

### IV. COOPERATION

**IT IS FURTHER ORDERED** that Individual Defendant and Corporate Defendant must fully cooperate with representatives of the Commission in this case and in any investigation

related to or associated with the transactions or the occurrences that are the subject of the Complaint. Such Defendants must provide truthful and complete information, evidence, and testimony. Individual Defendant must appear, and Corporate Defendant must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days' written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## V.   ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.  Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 10 years after entry of this Order, Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, and Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7

days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A. Ninety days after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each acknowledgement obtained pursuant to the Section of this Order titled Order Acknowledgments, unless previously submitted to the Commission.

  2. Additionally, Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Individual Defendant performs services whether as an employee or otherwise and any entity in which Individual Defendant has any ownership interest; and (c) describe in detail Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

  1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

  2. Additionally, Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Individual Defendant performs services whether as an employee or otherwise and any entity in which Individual Defendant has any ownership interest, and

        identify the name, physical address, and any Internet address of the business or entity.

C.     Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. R360 LLC*, No. _____.

## VII. RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 10 years after entry of the Order and retain each such records for 5 years. Specifically, Corporate Defendant and Individual Defendant, for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. A copy of each unique advertisement or other marketing material.

## VIII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which the Judgment was suspended:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any

    Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.  Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## IX. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order. The Clerk shall mark the case CLOSED.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of May, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:  Counsel of record

**[This page intentionally left blank]**

**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION:**


_____ Date: _____
CHRISTINE L. DELORME
(Special Bar ID A5502888)
KAREN MANDEL
(Special Bar ID A5501752)
Attorneys, Division of Advertising Practices
Federal Trade Commission
600 Pennsylvania Ave. NW
Washington, DC 20580
Tel: 202-326-2095, -2491
Fax: 202-326-3259
cdelorme@ftc.gov
kmandel@ftc.gov

CASE NO. 22-cv-60924-ALTONAGA/Strauss

**FOR DEFENDANTS:**

_____  Date: _____
LINDA A. GOLDSTEIN, ESQ.
RANDAL M. SHAHEEN, ESQ.
BakerHostetler
45 Rockefeller Plaza
New York, NY 10111
Tel: (212) 589-4200
Fax: (212) 589-4201
lgoldstein@bakerlaw.com
rshaheen@bakerlaw.com

COUNSEL for R360 LLC and Steven Doumar

**DEFENDANTS:   R360 LLC and Steven Doumar**

_____  Date: _____
STEVEN DOUMAR
INDIVIDUALLY AND AS AN OFFICER OF R360 LLC
  AND AS AN OFFICER OF R360 LLC

Page 16 of 16